### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JONATHAN J. EDMISTEN,

       Plaintiff,

v.                 Case Number: 07-3116-JWL

DAVID R. MCKUNE, *et. al.*,

       Defendants.

### **ORDER**

   This matter comes before the court upon Correct Care Solutions, Inc.'s (CCS) Motion to Strike Process Receipt and Return (Doc. 71).  Specifically, CCS requests an order from the court striking the process receipts and returns filed as Documents 64, 65, 66, 67, and 68.  No response has be filed and the time for doing so has passed.  Therefore, the court is prepared to rule.

   D. Kan. Rule 7.4 provides in relevant part: "The failure to file a brief or response within the time specified within Rule 6.1[(d)][1] shall constitute a waiver of the right thereafter to file such a brief or response . . . .  If a respondent fails to file a response within the time required . . . , the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."  Because plaintiff has not filed a response to the instant motion, the court shall treat it as uncontested.

   Counsel for CCS states that Documents 64-68 allege that defendants Norris, Edelman, Jones, Martin and Haun have been served with process through serving CCS' resident agent. CCS objects that defendants Norris and Edelman have been served in their individual capacities

---

[1] Rule 6.1(d)(1) provides that "[r]esponses to nondispositive motions . . . shall be filed and served within 14 days."

and further objects that defendants Jones, Martin and Haun have been served in any capacity by service upon CCS' resident agent.

Counsel for CCS states that defendants Norris and Edelman are former employees of CCS, but neither were employed by CCS on the date of the alleged service of process, December 31, 2007. CCS further states that defendants Jones, Martin, and Haun have never served as agents or been employed by CCS.

Counsel for CCS has entered an appearance on behalf of defendants Norris and Edelman in their official capacities to the extent they are former agents of CCS, and plaintiff is attempting to plead a cause of action against CCS.

The court finds that service was not proper in this case. CCS cannot accept service on behalf of defendants Norris and Edelman in their individual capacity because they are no longer employees of CCS. Also, CCS cannot accept service on behalf of defendants Jones, Martin or Haun in either their individual or official capacities because they have never been agents of CCS.

Accordingly, and without objection,

**IT IS SO ORDERED** that the Correct Care Solutions, Inc.'s (CCS) Motion to Strike Process Receipt and Return (Doc. 71) is hereby granted.

**IT IS FURTHER ORDERED** that Documents 64, 65, shall be struck with respect to service upon defendants Norris and Edelman, respectively, in their individual capacities. Documents 66, 67, and 68 shall be struck in their entirety. The Clerk's Office shall proceed with proper service on each defendant.

Dated this <u>6th</u> day of March, 2008, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge