IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN J. EDMISTEN,            )
                                  )
            Plaintiff,            )
                                  )
v.                                )     Case No. 07-3116-JWL
                                  )
DAVID R. McKUNE, et al.,          )
                                  )
            Defendants.           )
                                  )
_____)

## MEMORANDUM AND ORDER
## AND
## ORDER TO SHOW CAUSE

Plaintiff Jonathan Edmisten, an inmate acting pro se, has brought suit against various Kansas corrections officials and medical practitioners under 42 U.S.C. § 1983 alleging a violation of the Eighth Amendment with respect to his dental care in prison. This matter presently comes before the Court on plaintiff's motions for default judgment against defendant Joseph Martin (Doc. # 101) and defendant Adam Edelman as sued in his individual capacity (Doc. #102). For the reasons set forth below, the Court rules as follows: The motion for default judgment against Dr. Edelman is denied. The motion for default judgment against Dr. Martin is taken under advisement. Dr. Martin is ordered to show cause to the Court, in a written pleading filed with the Clerk's Office on or before June 19, 2008, why default judgment should not be entered against him in this matter. The Kansas Department of Corrections, through the Kansas Attorney General's

Office, is ordered to use reasonable diligence to insure that Dr. Martin receives a copy of this show cause order within a reasonable time prior to his response deadline.

### A. Motion for Default Judgment Against Dr. Edelman

Plaintiff has named as defendants the Kansas Department of Corrections ("KDOC"); various state prison officials; Correct Care Solutions, LLC ("CCS"), who is alleged to have provided medical care in Kansas state prisons under contract with KDOC; and various medical practitioners, including Dr. Edelman, a former employee of CCS. The U.S. Marshal's Office attempted to serve Dr. Edelman by mail to the Kansas Attorney General and the Kansas Department of Corrections, but both entities refused to accept service on Dr. Edelman's behalf, on the basis that he was not employed by the State. Service was then attempted by mail to counsel for CCS, and a return was filed showing service in that manner on December 31, 2007. By letter dated January 7, 2008, CCS's counsel notified the Clerk of Court that CCS could not accept service on behalf of Dr. Edelman and four other defendants because they were not employed by CCS at that time.

CCS subsequently moved to strike the returns of service for Dr. Edelman, Dr. Martin, defendant Josie Norris, defendant Terry Jones, and defendant Ky Hoang (Doc. # 71). By affidavit, a CCS representative stated that Dr. Edelman and Dr. Norris had previously left their positions with CCS, and that CCS could therefore accept service on their behalf only to the extent that they were sued in their official capacities as former agents of CCS, but that CCS could not accept service for them as named in their

individual capacities. CCS further stated that it had never employed Dr. Martin, Dr. Jones, or Dr. Hoang, and that it therefore could not accept service on their behalf in any capacity. Plaintiff did not respond to or otherwise contest this motion to strike the returns. On March 6, 2008, the Magistrate Judge granted CCS's motion to strike and ruled that service had not been effected through CCS on Dr. Edelman or Dr. Norris in their individual capacities, or on Dr. Martin, Dr. Jones, or Dr. Hoang in any capacity (Doc. # 82).

By letter to the Clerk dated February 4, 2008, plaintiff stated that Dr. Martin, Dr. Hoang, and Dr. Norris worked and could be served at Lansing Correctional Facility ("LCF") in Lansing, Kansas (Doc. # 69). He further stated that he understood that Dr. Edelman no longer worked for KDOC or CCS and that he hoped the U.S. Marshal could locate him. On April 30, 2008, the Magistrate Judge interpreted plaintiff's letter as a request for service on Dr. Edelman by the Clerk's Office; noted that service by the Marshal was not appropriate in this case; recognized that Dr. Edelman had yet to be served in his individual capacity; and ordered the Clerk's Office to issue a summons to Dr. Edelman in his individual capacity (Doc. # 108). The Clerk's Office duly issued a summons, but no return has been filed relating to that summons.

Accordingly, the court records reveal that proper service of Dr. Edelman in his individual capacity has not been shown. Plaintiff's motion for default judgment against

3

Dr. Edelman as named in his individual capacity is therefore denied.[1]

### B. Motion for Default Judgment Against Dr. Martin

Plaintiff also seeks a default judgment against Dr. Martin. As noted above, plaintiff did not successfully serve Dr. Martin by serving KDOC, the Kansas Attorney General, or CCS. A return of service has been filed, however, showing that Dr. Martin signed for the receipt of a summons and complaint addressed to him at LCF, thus indicating service on February 29, 2008. Dr. Martin has not responded to the complaint or otherwise appeared in this action.

Accordingly, Dr. Martin is ordered to show cause to the Court, in a written pleading filed with the Clerk's Office on or before June 19, 2008, why default judgment should not be entered against him in this matter. In addition, although neither KDOC nor the Kansas Attorney General's Office represents Dr. Martin, it appears that KDOC has contracted with Dr. Martin to provide medical care and therefore is in contact with Dr. Martin. Therefore, KDOC, through its counsel, is ordered to use reasonable diligence to insure that Dr. Martin receives a copy of this show cause order within a reasonable time prior to his response deadline. Plaintiff's motion for a default judgment against Dr. Martin is held under advisement pending Dr. Martin's response to this order.

---

[1] Plaintiff's only reply is to argue that Dr. Edelman should not have been permitted to appear in his official capacity to set forth these facts and oppose the motion for default judgment because the motion related only to Dr. Edelman as sued in his individual capacity. Of course, any party who has appeared in the case may file a timely response to a motion, and the Court is free to consider whether the facts and record support the requested relief at any rate.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for a default judgment against defendant Adam Edelman in his individual capacity (Doc. # 102) is **denied.**

IT IS FURTHER ORDERED THAT defendant Joseph Martin is **ordered to show cause, in a written pleading filed with the Clerk's Office on or before June 19, 2008, why default judgment should not be entered against him in this matter**.  The Clerk of Court shall send a copy of this Order addressed to Joseph Martin, MD, Lansing Correctional Facility, P.O. Box 2, Lansing, Kansas  66043.

IT IS FURTHER ORDERED THAT the Kansas Department of Corrections, through the Kansas Attorney General's Office, shall use reasonable diligence to insure that Dr. Martin receives a copy of this Order within a reasonable time prior to his response deadline.

IT IS FURTHER ORDERED THAT plaintiff's motion for a default judgment against defendant Joseph Martin (Doc. # 101) shall be held under advisement.

IT IS SO ORDERED.

Dated this 29th day of May, 2008, in Kansas City, Kansas.

5

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

6